141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wesley FAUVER, Plaintiff-Appellant,
v.
JOSEPHINE COUNTY; Daniel B. Calvert, Josephine County
Sheriff, Defendants-Appellees.
 No. 97-35172.
D.C. No. CV-95-03055-JPC.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 6, 1998.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wesley Fauver was terminated from his job as a deputy sheriff because of his improper sexual conduct. He asserts that he was not given a constitutionally sufficient pre-termination hearing. The district court granted summary judgment. He appeals. We affirm.
 
 
 3
 There is no dispute that Fauver was entitled to a pre-termination hearing that complied with due process under the United States Constitution. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). That is, he had a right to notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. See id. Of course, he was also entitled to have some indication that his job was in jeopardy. See Matthews v. Harney County, Oregon, School Dist. No. 4, 819 F.2d 889, 892 (9th Cir.1987).
 
 
 4
 On this record, we agree with the district court that Fauver had ample notice and that his lengthy meeting with his employer gave him a full opportunity to say whatever he wanted to say on his own behalf. The fact that the employer had not already formulated a particular form of discipline is of no moment. Indeed, had the employer already made up its mind, we would be called upon to fault that. See Brady v. Gebbie, 859 F.2d 1543, 1554-55 (9th Cir.1988). Fauver knew what he was charged with, knew what the victim asserted, and knew that the charges could lead to termination of his employment. His federal due process rights were not violated.
 
 
 5
 Because Oregon construes the demands of its constitutional provisions in the employment termination area to be congruent with federal due process demands, his rights under Article I, Section 10 of the Oregon Constitution were not violated either. See Tupper v. Fairview Hosp. & Training Ctr., Mental Health Div., 276 Or. 657, 664 n. 2, 556 P.2d 1340, 1344 n. 2 (1976).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3